## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHEILA D. BOWLES,
          Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
CH-315H-16-0249-I-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda Rademaker, Swayzee, Indiana, for the appellant.

Eric M. Waage, Esquire, Indianapolis, Indiana, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her probationary termination for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant was a Licensed Practical Nurse (LPN), GS-0620-05, with the Department of Veterans Affairs Health Care System in Marion, Indiana.  Initial Appeal File (IAF), Tab 4 at 8.  She was appointed to her excepted-service position pursuant to 38 U.S.C. § 7401(3) effective February 8, 2015, subject to a 1-year probationary period.  *Id.*  The agency terminated her effective January 24, 2016, for "inability to perform the duties of an LPN independently at a competent level."  IAF, Tab 4 at 9-10.  She filed a timely Board appeal, alleging that the agency improperly terminated her employment.  IAF, Tab 1.  The administrative judge adjudicated the appeal on the written record because the appellant failed to allege facts sufficient to merit a jurisdictional hearing, and she dismissed the appeal for lack of jurisdiction.  IAF, Tab 8, Initial Decision (ID) at 1-3.

¶3        The appellant has filed a petition for review, wherein she alleged "that her termination was not effected in accordance with the procedural requirements of 5 [C.F.R. §] 315.805."  Petition for Review (PFR) File, Tab 1 at 3, 5.  She argues that the agency's termination letter did not give her notice of the reasons for her termination "with any specificity or detail."  *Id.* at 3; *see* 5 C.F.R.

§ 315.805(a).  She asserts that she lacked advance notice of any inadequacies in her performance or conduct.  PFR File, Tab 1 at 3.  She further argues that the agency's action was "an arbitrary violation" of 5 U.S.C. § 2301(b)(8)(A).[2]  The appellant additionally argues that the agency's letter informing her of her termination "did not mention [she] could appeal her termination to MSPB based on improper procedure" under 5 C.F.R. §§ 315.805 and 315.806(c), and only when her appeal was before the administrative judge, did she and her union representative become fully aware of her appeal rights.  PFR File, Tab 1 at 4-5.  Although some of the appellant's arguments were not raised during the proceeding before the administrative judge, we will nevertheless address these issues.  IAF, Tab 1 at 3; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶4      The administrative judge correctly determined that this appeal is not within our jurisdiction.  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving that her appeal falls within the Board's jurisdiction.  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board may exercise jurisdiction over a removal appeal where the individual who is removed qualifies as an "employee" at the time of her removal.  *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002).  The applicable statute defines an "employee" as

> an individual in the excepted service (other than a preference eligible) –

---

[2] This statute states in relevant part that "[e]mployees should be . . . protected against arbitrary action, personal favoritism, or coercion for partisan political purposes." 5 U.S.C. § 2301(b)(8)(A).  However, the merit system principles, set forth in 5 U.S.C. § 2301(b), are not an independent basis for Board jurisdiction.  *D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992).

> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less[.]

5 U.S.C. § 7511(a)(1)(C). The appellant was hired pursuant to 38 U.S.C. § 7401(3) for an excepted-service position effective February 8, 2015. IAF, Tab 4 at 8. She does not claim to be a preference eligible, nor does the record so indicate. *Id.* She was serving a 1-year trial period when she was terminated. *Id.* As a nonpreference eligible, she would have been required to complete 2 years of current continuous service before attaining employee status and appeal rights. 5 U.S.C. § 7511(a)(1)(C)(ii). She has not claimed to have completed 2 years of current continuous service.

¶5    When terminated, probationers in the *competitive* service have limited regulatory appeal rights under the provisions set forth in 5 C.F.R. part 315H. The appellant, however, was terminated from an *excepted* service position, and these provisions do not apply to her. *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 10 (2010). Although the agency referenced 5 C.F.R. § 315.805 and regulatory appeal rights in the termination letter, IAF, Tab 4 at 10−11, the agency's erroneous notice of appeal rights cannot expand the Board's jurisdiction, *id.* The appellant's argument is thus unavailing, and the Board affirms the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.